IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD MCBRIDE, Individually and on Behalf of All Others Similarly Situated,** | ) ) ) ) |
| **Plaintiff** | ) ) |
| v. | ) ) | Civil Action No. |
| **TYSON FOODS, INC.** | ) ) | CLASS AND COLLECTIVE |
| **Defendant** | ) ) | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Richard McBride ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action against Defendant Tyson Foods, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), and the wage laws of the Missouri Revised Statutes § 290.010, *et seq.* ("RSMo"), for Defendant's failure to pay all due and owing overtime wages to Plaintiff.

2. Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all other similarly situated employees of Defendant.

3. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers—salaried production supervisors—who have worked for Defendant companywide in the United States.

4.      Headquartered in Arkansas, Defendant is a publicly traded company currently trading under the NYSE symbol "TSN" that provides "approximately 20% of the beef, pork, and chicken in the United States."[1] Defendant lists on its website owning and operating 14 beef facilities, 7 pork facilities, 185 chicken facilities, and 34 prepared food facilities.[2]

5.      As of 2019, Tyson Foods operated production facilities throughout the states of Arkansas, Alabama, Arizona, California, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Mississippi, Missouri, Nebraska, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin.[3]

6.      In order to offer its services, Tyson employs well over 100 salaried production supervisors at its production facilities, including those identified above.

7.      Plaintiff worked for Defendant as a production supervisor during the time period relevant to this lawsuit. Plaintiff and other production supervisors have non-exempt primary job duties that involve performing the same or similar type of work as the hourly-paid employees, working on the production line, packing meat. Plaintiff and other production supervisors do not hire or fire other employees, they are not involved in the interviewing process, and do not make schedules for hourly workers. In sum, Plaintiff spent the vast majority of his worktime performing non-exempt work.

8.      Plaintiff frequently worked over forty hours per week.

---

[1] *See* Tyson Foods, Investors, https://www.tysonfoods.com/investors, last accessed May 8, 2024.
[2] *See* Tyson Foods, What We Do, https://www.tysonfoods.com/who-we-are/our-story/what-we-do, last accessed May 8, 2024.
[3] *See* Tyson Investor Fact Book, Fiscal Year 2019, pages 8-9, (available at https://s22.q4cdn.com/104708849/files/doc_factbook/2020/FactBookFY19_SinglePage-(Final).pdf) (last accessed May 8, 2024).

9. Defendant uniformly classified the production supervisor position as exempt from the overtime provisions of the FLSA and corresponding state wage and hour laws, regardless of location worked.

10. Even though Plaintiff should have been paid an hourly rate as a non-exempt employee pursuant to his job duties, and received overtime premium pay when he worked in excess of forty hours in a workweek, Defendant at all times paid Plaintiff on a salary basis. As a result, Plaintiff did not receive all overtime pay to which he was entitled. This misclassification, and the resulting underpayment of wages, was in violation of the FLSA.

11. Similarly, Defendant paid all of its production supervisors on a salary basis, notwithstanding that their work was that of a non-exempt employee. Those production supervisors worked similar hours to those worked by Plaintiff and did not receive overtime premium pay for hours worked over forty in each workweek. Consequently, Defendant failed to pay overtime wages to its production supervisor employees in violation of the FLSA. See 29 U.S.C. § 207(a)(1).

12. Now, therefore, Plaintiff seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's failure to pay Plaintiff and similarly situated production supervisor employees overtime premium pay for all hours worked over forty in a workweek due to its misclassification of such employees as exempt from the overtime requirements of the FLSA.

13. Plaintiff also brings this action under RSMo § 290.010 *et seq.* pursuant the Federal Rules of Civil Procedure 23 ("Rule 23") on behalf of himself and all other production supervisors paid by the same compensation method by Defendant within the State of Missouri three years prior to the filing of this action and the date of final judgment in this action (the "Missouri Class").

## II.     JURISDICTION AND VENUE

14. The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

15. The United States District Court for the Eastern District of Missouri has personal jurisdiction over Defendant because Defendant does business in Missouri and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Missouri and in this District.

16. This Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

17. Venue lies properly within this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## III.     THE PARTIES

### A. Plaintiff

18. Plaintiff Richard McBride is a citizen residing in Butler County. He has standing to file this lawsuit.

19. Plaintiff was employed by Defendant from approximately October 2017 through November 2023.

20. Plaintiff was employed by Defendant as a production supervisor for most of his employment, and then employed as a Tier 2 Learning Manager for approximately the last 9 months of his employment.

21. Plaintiff worked at Defendant's facility in Dexter.

22. Plaintiff's written consent to participate in this action is filed herewith as Exhibit 1.

**B. Putative Class and Collective Action members**

23. The putative Collective Action Members are all current and former employees of Defendant companywide who worked as salaried production supervisors, but who were misclassified as exempt employees under the FLSA and consequently did not receive all overtime wages due to them, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.

24. The putative Class Action Members are all current and former production supervisors who worked as salaried production supervisors within the State of Missouri who were misclassified as exempt and who did not receive all overtime wages due to them, within the three years prior to the filing of this action and the date of final judgment in this action.

**C. Defendant Tyson Foods, Inc.**

25. Defendant Tyson Foods, Inc. ("Defendant" or "Tyson Foods"), is a corporation formed in Delaware doing business in the State of Missouri.

26. Defendant's principal place of business is at 2200 Don Tyson Parkway; Springdale, AR 72762.

27. Defendant may be served through its registered agent, United Agent Group Inc. at 12747 Olive Blvd.. Suite 300, St. Louis, MO 63141.

28. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

29. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

30. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## IV. FACTUAL ALLEGATIONS

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. Defendant is a meat processor. Defendant operates a meat processing/packing plant in Missouri, where Plaintiff worked.

33. Plaintiff worked as a production supervisor for Defendant. Despite his job title, Plaintiff spent the vast majority of his time performing non-exempt job duties, such as performing the same or similar type of work as the hourly-paid employees, working on the production line, packing meat.

34. Plaintiff did not manage Defendant's enterprise, nor did he manage a customarily recognized department or subdivision of that enterprise.

35. He did not have the authority to hire or fire other employees, and his suggestions and recommendations as to the hiring, firing, promotion or other change of status of any other employee was not given particular weight.

36. Plaintiff did not primarily perform office or non-manual work directly related to the management or general business operations of Defendant. He was not permitted to exercise any discretion or independent judgment with respect to matters of significance in connection with his work for Defendant.

37. Plaintiff was a "blue-collar" worker to whom the FLSA's overtime premium pay requirements apply, as he mainly worked performing repetitive operations with his hands, physical skill and energy. Plaintiff was not a managerial worker.

38. Although Plaintiff did not have any of the job duties or responsibilities of an exempt employee, Defendant paid Plaintiff on a salary basis at all times relevant to this lawsuit.

39. Plaintiff frequently worked over forty hours in a workweek.

40. When Plaintiff worked in excess of forty hours in a workweek, he did not receive all of the overtime premium pay which he was due because Defendant misclassified him as an exempt employee.

41. Instead, Plaintiff should have been paid on an hourly basis and received overtime wages at the rate of one and one-half times his respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1). Defendant's failure to pay Plaintiff all of the overtime premium pay owed to him was in violation of the FLSA.

42. Numerous other employees performed job duties similar to Plaintiff as production supervisors of Defendant pursuant to the same pay policy and/or practice. Defendant's wage payment policy and/or practice resulted in Plaintiff and similarly situated production supervisors not being paid all overtime wages owed by Defendant in violation of the FLSA.

## V.     FLSA CLAIMS

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A. FLSA Coverage

44. All conditions precedent to this suit, if any, have been fulfilled.

45. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members were responsible for various tasks within Defendant's meat packing plant in connection with processing meat for eventual consumer purchase.

48. At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include packing materials and cutting machines/tools required to process meat for eventual consumer purchase.

49. At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

**B. FLSA Allegations**

50. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as production supervisors.

51. At all relevant times, Plaintiff and the putative Collective Action Members were, and should have been designated and paid by Defendant as, non-exempt employees pursuant to the FLSA.

52. Although Plaintiff and the putative Collective Action Members received salaries for their work for Defendant, they should have been designated and paid by Defendant on an hourly-basis, and received time and one-half their respective regular rates of pay for all hours each worked over forty in a workweek.

53. Plaintiff and the putative Collective Action Members frequently worked up to seven-day workweeks, and frequently worked more than forty hours per workweek. However, Defendant did not provide adequate additional overtime compensation for the hours over 40 worked by its production supervisor employees.

54. Instead, during the relevant time period, Defendant paid Plaintiff and the putative Collective Action Members on a salary basis, and denied them overtime premium pay for hours worked over forty in a workweek.

55. This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. See 29 U.S.C. § 207(a)(1).

**C. Class and Collective Action Allegations**

56. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the collective.

57. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former production supervisors companywide who did not receive overtime premium pay for all hours worked over forty per workweek within the three years prior to the date Plaintiff filed this Complaint through the date of the final disposition of this action due to Defendant's misclassification of such employees as exempt under the FLSA. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

58. Plaintiff has actual knowledge that putative Collective and Class Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other production supervisor employees of Defendant who were salaried and did not receive all overtime wages due to them. This resulted in personal knowledge of the treatment of those co-workers.

59. The putative Collective and Class Members are similarly situated to Plaintiff in all relevant respects, having worked on a salary basis relative to their work as production supervisors who did not receive overtime premium pay for all hours worked over forty in a workweek.

60. The putative Collective and Class Members regularly work or have worked in excess of forty hours in a workweek.

61. Defendant's failure to pay overtime premium wages for any hour Plaintiff and the putative Collective and Class Members worked over forty in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Members.

62. The specific job titles or precise job responsibilities of each putative Collective and Class Member do not prevent collective treatment.

63. Although the exact amount of damages may vary among the putative Collective and Class Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

64. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **All current and former production supervisor employees of Defendant Tyson Foods who worked at any location in the United States, excluding the State of Arkansas, who did not receive all due and owing overtime pay for hours worked over forty in each workweek within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

65. Plaintiff proposes that the class of putative Class Members be defined as:

> **All current and former production supervisors who worked as salaried production supervisors within the State of Missouri who were misclassified as exempt and who did not receive all overtime wages due to them, within the three years prior to the filing of this action and the date of final disposition of this action.**

66. Plaintiff's experiences are therefore typical of the experiences of the Putative Collective Members and the Putative Class Members.

67. The specific job titles or precise job locations of the Putative Collective Members and the Putative Class Members does not prevent class or collective treatment.

68. Plaintiff has no interest contrary to, or in conflict with, the Putative Collective Members and the Putative Class Members.

69. Like each Putative Collective Member and Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

70. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent this action, many Putative Collective Members and Putative Class Members likely will not obtain redress of their injuries and Defendant will repeat the unjust benefits of violating the FLSA and applicable state labor laws.

72. Furthermore, even if some of the Putative Collective Members and the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

73. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

74. Common questions of law and fact predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether Defendant employed the members of the class within the meaning of the FLSA and the wage law of the RSMo;

   b) Whether Defendant's decision to not pay time and a half for overtime was made in good faith;

    c) Whether Defendant's violation of the law was willful; and

    d) Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Collective Members and Putative Class Members.

75. Plaintiff's claims are typical of the claims of the Putative Collective Members and the Putative Class Members.

76. Plaintiff, the Putative Collective Members, and the Putative Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

77. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

78. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

79. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

80. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.   CAUSE OF ACTION

**A.   Violation of FLSA—Failure to Pay Overtime Premium Pay Due to Employer's Misclassification of Non-Exempt Employees. 29 U.S.C. § 207(a)(1)**

81. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

82. The foregoing conduct, as alleged, violated the FLSA.

83. Plaintiff and the putative Collective Action Members were employees of Defendant

under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

84. Defendant was and is required to pay Plaintiff and similarly situated production supervisors overtime wages at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

85. Defendant failed to pay Plaintiff and the putative Collective Action Members at the rate of one and one-half times each such employees' respective regular rate of pay for all hours worked over forty in a workweek.

86. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

87. Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay overtime premium pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.** **Violation of RSMo § 290.010, *et seq.* – Failure to Pay Overtime Premium Due to Employer's Misclassification of Non-Exempt Employees**

88. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

89. The conduct alleged violates RSMo § 290.010, *et seq.* and constitutes a willful violation.

90. At all relevant times, Defendant was subject to the requirements of the wage laws of the Missouri Revised Statutes.

91. At all relevant times, Defendant employed Plaintiff and each Putative Class Member with Missouri state law claims as an "employee" within the meaning of the wage laws of the Missouri Revised Statutes.

92. RSMo § 290.505 requires employers like Defendant to pay employees at 1.5 times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Putative Class are entitled to overtime pay under the wage laws of the Missouri Revised Statutes.

93. Defendant had a policy by which production supervisors and each member of the Putative Class were not paid overtime compensation.

94. Plaintiff and each Putative Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, all available penalty wages, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

95. Plaintiff and each Putative Class Member also seeks recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant.

96. RSMo § 290.110 requires employers to pay any discharged employee the unpaid wages due on the day of the discharge. If not paid, the employee may request his unpaid wages in writing, after which the employer has 7 days to provide the employee with the wages due. If still not paid, then as a penalty, the employee's wages shall continue from the date of discharge at the same rate paid for 60 days or until paid, whichever is sooner.

97. Plaintiff hereby requests his unpaid wages be paid to him within 7 days of service of this Complaint, pursuant to RSMo § 290.110.

98. If unpaid within 7 days, Defendant will owe Plaintiff wages from the date of discharge to the present, and continuing for as long as Defendant fails to pay Plaintiff his wages or until 60 days from the date of discharge have passed, whichever is sooner.

## VII. JURY DEMAND

99. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Class and Collective Action Members have a right to jury trial.

## VIII. DAMAGES AND PRAYER

100. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Class and Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a) An Order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b) An Order designating the Putative Class Members Missouri State Wage Law claims as a class action pursuant to Fed. R. Civ. P. 23;

   c) An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   d) An award of damages including all unpaid overtime wages, any civil penalties, and liquidated damages, pursuant to Missouri State Wage Law;

   e) An Order appointing Plaintiff and his counsel as Class Counsel to represent the interest of both the federal and state law classes;

   f) Costs of action incurred herein, including expert fees;

   g) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and Missouri State Wage Law;

   h) Post-judgment interest; and

   i) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Colby Qualls*

**FORESTER HAYNIE PLLC**
**Colby Qualls**
Ark. Bar No. 2019246
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
cqualls@foresterhaynie.com

**ATTORNEY FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS**